[No. 8,701.   In Bank.—March 21, 1884.]

## THOMAS E. KIMBALL, Appellant, v. S. I. STORMER, Respondent.

Ejectment—Adverse Possession—Color of Title.—A defendant in eject-ment, who claims under color of title a large tract of land, including a smaller tract for which plaintiff sues, and to which he shows title in fee, cannot establish an adverse possession of the land of plaintiff by proving actual possession of a portion of the larger tract not extending to any of the land claimed by the plaintiff.

Findings—Waiver—Presumption.—In support of the presumption that the trial court has performed its duty, this court will presume that findings were waived when none appear in the transcript. But this presumption has no force when a writing clearly intended to be a finding upon a material issue appears to have been filed by the judge of the court below.

Appeal from a judgment of the Superior Court of the county of Colusa, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*W. C. Belcher*, and *W. F. Goad*, for Appellant.

*A. L. Hart*, for Respondent.

McKinstry, J.—The appeal is by plaintiff from a judgment and order denying a new trial in an action of "ejectment."

The complaint is in the usual form; the answer denies the averments of the complaint, and avers that the cause of action is barred by sections 318 and 319 of the Code of Civil Procedure.

A jury having been waived, the action was tried by the court. Within thirty days after the cause was submitted for decision the court filed with the clerk a paper writing in words following:—

"Decision.

"[Superior Court, County of Colusa.]

"Thos. E. Kimball }
        *v.*                          }
  S. I. Stormer.  }

"Under the testimony introduced I am of the opinion that at the time this action was brought the defendant had acquired a title to the premises in controversy, by virtue of the provisions of the Statute of Limitations. Judgment is therefore ordered for the defendant."

(Signed, by the Judge.)

Thereupon judgment was entered:—

(Title of court and cause.)

" This cause coming on regularly for trial on the —— day of ——, 1881, plaintiff and defendant appeared by their respective counsel, and the cause was tried by the court without a jury, a jury having been waived by the parties to said action. The evidence of plaintiff and defendant was introduced in due form and the cause subsequently argued to the court by the respective counsel, and then taken under consideration by the court; and the court having fully considered said cause and being fully advised as to the law and the evidence, *makes and files its written decision* in favor of the defendant and against the plaintiff, and orders judgment accordingly. Wherefore," etc.

The Code of Civil Procedure provides: " Upon the trial of a question of fact by the court, its *decision* must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision. In giving the decision the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly." (§§ 632, 633.)

From the " decision" filed it is apparent that the Court below intended to find that defendant had been in adverse possession for more than five years, and *therefore*, as a conclusion of law, that he was entitled to judgment. Finding thus, the court deemed it unnecessary to find whether the plaintiff did or did not have title prior to the running of the statute. If the finding as to adverse possession had been sufficient, and the evidence had sustained it, we would affirm the judgment, holding that the question, whether the plaintiff had or had not title originally, was immaterial. But, as we shall see, the evidence does not justify the finding in favor of defendant upon the plea of the Statute of Limitations. The case is to be treated, therefore, as one in which the court below, upon insufficient evidence, found that the defendant had acquired title by adverse possession, but failed to find whether the plaintiff had title and right of possession independently of the question of adverse possession. We are not prepared to say that the evidence clearly and unmistakably shows the plaintiff had no title to the premises in controversy, and that defendant is the owner of them. We expressly

decline to determine that question, however, leaving it to be passed upon by the court below. It has been so often held here that when the court below has failed to find upon any material issue made by the pleadings, the judgment must be reversed, that cases need not be cited as authority on that point.

It is no objection to the reversal of the judgment, for want of a finding upon a material issue, that the finding with respect to the Statute of Limitations is not in form a *sufficient* finding. If the court, in addition to the finding with respect to the limitation, had found that the plaintiff was the owner, etc., or facts from which the ownership of plaintiff conclusively followed, we would perhaps reverse the judgment on the ground that there was no finding such as is required by law upon the fact of adverse possession.

But the writing filed by the court below as its "decision," or findings (which is a very different thing from an *opinion*), is always sent up here, and constitutes a part of the judgment roll. (Code Civ. Proc. § 670.) It is only because the findings, sufficient or insufficient, are sent up as a part of the judgment roll, that we can determine whether a particular finding is or is not sufficient. In one sense, an insufficient finding is not a finding, because it is not determinative of an issue, but in another sense an *attempted* finding found in the decision, filed as such by the court below, is a finding. It is to be treated as a finding in so far as it enters into the record to be reviewed in this court, and in that it clearly shows that findings were not *waived* by the parties. It has been held here, in support of the presumption that the trial court has done its duty, that we will (where there are *no* findings) presume that findings were waived, unless the contrary is made to appear by bill of exceptions. But this presumption cannot have force as against a writing, on its face designated the "decision," filed by the court below, clearly intended to be a finding upon a material issue, and showing that the court ordered a judgment in favor of defendant, *because* the evidence proved that one of the pleas of the defendant was true. The court below having attempted to find upon one of the material issues (the evidence not sustaining the finding), and having failed to find upon another material issue, the judgment must be reversed.

We return to the question: Did the evidence justify the find-

ing in favor of defendant upon the plea of the Code limitation?

In considering this question, in the absence of a finding that plaintiff was or was not the owner or entitled to the possession of the demanded premises, or of facts showing such right of possession, we must assume that plaintiff deraigned title from the *Jimeno* grantees, which is the right, to establish which the evidence on the part of the plaintiff was addressed.

The action was commenced April 15, 1875. It is admitted that the demanded premises are entirely within the limits of the *Jimeno* grant. There is no evidence that defendant ever had actual possession of the *Jimeno* grant, or of any part of the lands claimed by plaintiff, until the year 1872. Prior to that year the land in controversy was an open common, on which ranged the stock of defendant and other persons. There was evidence tending to prove that, on divers occasions, defendant had cut up the dead timber, or down trees, and removed the wood from the land. Such fugitive acts did not of themselves constitute an adverse possession.

It is claimed, however, that defendant had been in adverse possession of the land in controversy for more than the statutory period, because in the year 1868, he had received from a stranger a deed purporting to convey a tract, "known as the Mizner tract," which comprehended within its bounds land lying without the *Jimeno grant*, and also land lying within the *Jimeno grant*—the latter including the premises here demanded—and had been in actual possession of the portion of the land *without* the Jimeno grant for more than five years when this action was commenced.

The question presented, therefore, is: Can a defendant who claims under color of title a larger tract, which includes the land to which plaintiff has shown title in fee, establish an adverse possession as to plaintiff's land (which has remained vacant and unoccupied) by proving an actual possession of a portion of the larger tract—such possession not extending to any of the land claimed by plaintiff.

The 4th subdivision of section 323 of the Code of Civil Procedure provides:—

"Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not

cleared, or not inclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated."

It is apparent that, for a person to acquire a constructive adverse possession of land, he must actually oust the true owner of some part of his land. The owner is not disseized of his land merely because one stranger may pretend to convey it to another, and he is not driven to any assertion of his legal rights, because one with or without title shall occupy lands not *his.*

It is but necessary to state the facts to demonstrate that the fourth subdivision of section 323 does not apply to them.

Even, however, if the acceptance of a deed of the "Mizner tract" by defendant, and his actual possession of a part of that tract, could be held to create a presumption that he asserted an absolute right to the whole, "exclusive of any other right," such presumption would, in the case before us, be overcome by defendant's own testimony. As a witness he stated that prior to 1872 he had fenced only the portion of the land claimed by him lying to the west of the Jimeno grant, and west of the land claimed by plaintiff, "knowing there was a dispute as to the title of this land now in controversy"; that he "had not thoroughly understood how it was, he didn't want to go too far until he would find out," and that in 1872 he inclosed the land claimed by plaintiff, "when he found out that Col. Hagar (alleged agent of plaintiff) never had any possession." These declarations of defendant prove he did not assert an absolute and unqualified right to the land in controversy until, at least, the year 1872.

Judgment and order reversed and cause remanded for a new trial.

MORRISON, C. J., ROSS, J., SHARPSTEIN, J., THORNTON, J., and MYRICK, J., concurred.